**UNITED STATES BANKRUPTCY COURT (NORTHERN DISTRICT OF CALIFORNIA)**

| In re: | Case No. 09-58456 |
|---|---|
| Peter B. Ramirez and Emily M. Ramirez | **Chapter 13 Plan** (First Amended Plan) |
| Debtor(s). | |

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ __200__ each month and the balance due will be paid within 60 months of the filing of the petition through the sale or refinance of the property. Initial attorneys fees are requested in the amount of $ __6,800__ . _____ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If Specified) |
|---|---|---|---|---|
| U.S. Bank National Association | 515,000 | $47,999* (Includes default through January 2010 post-petition payment). | - | 0 |
| IRS | | $10,958 (personal property) | | |
| Star One Credit Union | | $5800 | | |

[The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

    (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
    (d) On allowed general unsecured claims as follows:
  __X__ at a rate of __0__ cents on the dollar. The estimated term of the plan is __60__ months. (Percentage Plan)
  _____ the sum of _____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtors elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| **U.S. Bank National Association** | 3,144 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) elect to have property of the estate:
  ____ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
  __X__ revest in the debtor(s) upon plan confirmation. Once property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. CED Electric and ABSL Construction hold material/supplier liens and are fully secured on the receivables due the debtor. The debtor will pay these creditors directly only from the funds received from the job they supplied the material to. No other payments will be made to these creditors by the trustee.

8. The following Creditors are scheduled as secured, but their lien impairs debtors' homestead exemption. The debtors will file a motion to avoid judicial lien . The claim of these creditors is to be paid pursuant to section 2(d)
    Cal State Auto Assoc., 495 E. Brokaw Road, LLC
    Unifund, Oscar & Alice Garcia, CFM Equipment

9. The IRS claim will be treated as secured as follows (because of encumbrances on the property that are senior to the IRS lien):

    a) Secured by personal property:     $10,958
    b) Secured by Real property:     $ 0
        Total Secured claim:     $10,958

Dated:    March 1, 2010       /s/ Peter B. Ramirez     /s/ Emily M. Ramirez

I, the undersigned, am the attorney for the above named debtor(s), and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of pre-approved Chapter 13 Plan promulgated pursuant to B.L. R. 1007-1 for use in the San Jose Division.

Dated:   March 1, 2010       /s/ Javed Ellahie

        **JAVED ELLAHIE**, Attorney for Debtor(s)

Rev. 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

Case: 09-58456   Doc# 37   Filed: 03/01/10   Entered: 03/01/10 13:18:31   Page 2 of 2